**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Guy Ramsey

      v.                  Case No. 21-cv-402-SM

State of New Hampshire Law
Enforcement Cult et al.[1]

## REPORT AND RECOMMENDATION

Before the court is plaintiff Guy Ramsey's complaint (Doc. No. 1), which was filed by Mr. Ramsey in forma pauperis while incarcerated at the New Hampshire State Prison for Men ("NHSP"). This matter is here for preliminary review, under 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e)(2), and LR 4.3(d)(1).

## Preliminary Review Standard

The court conducts a preliminary review of prisoner complaints filed by inmates seeking relief from government agents. See LR 4.3(d)(1); see also 28 U.S.C. § 1915A. In considering whether the complaint states a claim, the court determines whether, stripped of legal conclusions, and with all reasonable inferences construed in plaintiff's favor, the complaint contains "sufficient factual matter, accepted as true,

---

[1] Defendants, in addition to the "State of New Hampshire Law Enforcement Cult," are former New Hampshire Attorney General Gordon MacDonald and current or former New Hampshire Supreme Court Justices Hick, Bassett, Hantz Marcone, and Donovan.

to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). Claims may be dismissed, sua sponte, if the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b); LR 4.3(d)(1)(A).

## **Background**

Mr. Ramsey was convicted in 2014 of one count of aggravated felonious sexual assault. He filed a direct appeal of his conviction, which he withdrew.

In 2020, Mr. Ramsey filed a motion for a new trial in Superior Court, asserting his innocence. He sought to have "scopolamine" or "truth serum" administered to him, and to have the statements he expected to utter under the influence of that substance admitted as exculpatory evidence in a new trial. The Superior Court denied that motion, and the New Hampshire Supreme Court ("NHSC") declined to accept Mr. Ramsey's appeal of that order.

Mr. Ramsey further alleges that he has been subjected to unconstitutional conditions of confinement at the NHSP. In particular, in 2021, he asked to receive "earned time credit" for religious correspondence courses he had taken and degrees he

had received through the auspices of the Universal Life Church. Prison officials initially denied that request, concluding that the Universal Life Church was not an accredited educational institution. But when Mr. Ramsey grieved that decision, New Hampshire Department of Corrections Commissioner Helen Hanks instructed him to resubmit his request so that she might reconsider awarding him earned time credits for "other" rehabilitative programming.

Construed liberally, Mr. Ramsey's complaint seeks relief under 42 U.S.C. § 1983, for what he claims to be the state courts' denial of his Fourteenth Amendment right to due process, manifested in the denial of his motion for a new trial, in the NHSC's declining his discretionary appeal, and in his imprisonment despite his claim of innocence. In addition, Mr. Ramsey is seeking relief concerning his request for "earned time credits" based on his Universal Life Church courses and credentials.

## Discussion

I. Eleventh Amendment and Official Capacity Claims

The Eleventh Amendment precludes suits for damages against state employees sued in their official capacities. See Davidson v. Howe, 749 F.3d 21, 27-28 (1st Cir. 2014). Accordingly, the

district judge should dismiss all of Mr. Ramsey's claims for damages, to the extent that they may be asserted against any defendant in his or her official capacity.

## II. Absolute Judicial Immunity

Mr. Ramsey's claims against the defendant NHSC justices are barred by the doctrine of absolute judicial immunity. "[I]t is an axiom of black letter law that when a judge carries out traditional adjudicatory functions, he or she has absolute immunity for those actions." Zenon v. Guzman, 924 F.3d 611, 616 (1st Cir. 2019). "Judicial immunity is appropriate unless a judge is carrying out an activity that is not adjudicatory." Id. at 617. "[A]bsolute judicial immunity means not just immunity from damages, but immunity from suit altogether." Id. at 617 n.10 (citation omitted). All of Mr. Ramsey's claims asserted against the judges arise from actions taken in their adjudicatory capacity. Accordingly, the district judge should dismiss all of the claims asserted against the state court judges on the basis of absolute judicial immunity.

## III. Remaining Defendants and Claims

### A. New Hampshire Attorney General

Mr. Ramsey names (former) New Hampshire Attorney General

Gordon MacDonald as a defendant. The grounds for naming him as a defendant are not clear, as there are no allegations regarding any actions undertaken by the New Hampshire Attorney General, upon which any relief can be granted. Accordingly, the claims against (former) Attorney General MacDonald should be dismissed, and that defendant should be dropped from this case.

### B. Heck Rule

To the extent Mr. Ramsey seeks to challenge the validity of his underlying conviction through this action filed under 42 U.S.C. § 1983, he is precluded from doing so by the doctrine known as the Heck rule, derived from Heck v. Humphrey, 512 U.S. 477 (1994). The Heck rule requires courts to dismiss § 1983 claims if a favorable judgment would necessarily imply the invalidity of that prisoner's conviction or sentence. Id. at 487. Accordingly, the district judge should dismiss Mr. Ramsey's claims under § 1983, asserting that his conviction and sentence are unconstitutional because of his innocence, as barred by the Heck rule.

### C. Earned Time Credit Claims

Mr. Ramsey's claims relating to his 2021 request for earned time credits for programming he completed under the auspices of

the Universal Life Church are not alleged in a manner that allows this court to understand the nature of his claims. Without more, the fact that the DOC Commissioner advised him to reconfigure and resubmit his request for earned time credit, fails to state a claim upon which relief can be granted. Furthermore, it is unclear whether Mr. Ramsey's release from state prison has not mooted his claims relating to his request for earned time credits.  Cf. Ford v. Bender, 768 F.3d 15, 19 (1st Cir. 2014).

    Mr. Ramsey has been granted time to amend his complaint to state a claim upon which relief can be granted, to identify the defendants to those claims, and to show why his release has not mooted those claims.  Mr. Ramsey has not filed an amended complaint as directed, within the specified time.  Accordingly, the district judge should dismiss Mr. Ramsey's claims relating to his 2021 request for earned time credits, for reasons including mootness, the failure to name defendants, and the failure to state a claim upon which relief can be granted.

## Conclusion

    For the foregoing reasons, the district judge should dismiss this case in its entirety and direct entry of judgment. Any objections to this Report and Recommendation must be filed

within fourteen days of receipt of this notice. Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the written objections to this Report and Recommendation "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Id. (citations omitted).

                                                        */s/ Andrea K. Johnstone*
                                                        Andrea K. Johnstone
                                                        United States Magistrate Judge

July 11, 2022

cc: Guy Ramsey, pro se